# Haynie, Adm'r, *v.* Miller, Adm'r.

### *Action on Receipt.*

1. *Husband and wife, what not contract between, within prohibition of statute.*—A receipt given by the husband to his wife, acknowledging that he had received from her a certain amount of her money, for investment, with a like amount of his own, in certain exchange which he purchased, and that the wife was entitled to one-half of the proceeds when sold,—is not a contract between husband and wife, within the meaning of the statute forbidding their contracting with each other.

2. *Same; what complaint discloses substantial cause of action.*—A complaint by the wife's administrator against the husband's personal representative, claiming a sum certain as due according to such receipt, which is set forth, discloses a substantial cause of action; and no demurrer having been interposed in the court below, there can be no reversal here for defects in the complaint.

3. *Same; burden of proof.*—The husband's receipt is an admission that the money rightfully belonged to the wife, and *prima facie* entitles her to a recovery; if her right to the money is denied, it must be disproved by those who controvert it.

APPEAL from the Circuit Court of Mobile.

Tried before Hon. HENRY T. TOULMIN.

The appellee, Haynie, as administrator of the estate of Mrs. Kelly, sued appellant, Miller, as administrator of the estate of Mrs. Kelly's late husband, E. H. Kelly, who died leaving his wife surviving him, for $750 and interest, claimed to be due according to "a certain receipt made by the said E. H. Kelly," of the tenor following: "Received, Mobile, July 2d, 1861, from Mrs. J. A. Kelly, her check B. of Mobile for $750, to be invested with me in a check of $1500, in sterling, which was obtained from the Bank of Mobile on Messrs. Williams, Deason & Co., bankers, London, for £321: 8, 7, being @ $1.05. This check when sold to be divided, and Mrs. J. A. Kelly to receive ½ of all profit or ½ loss. Check No. 767 Bank of Mobile. (Signed) E. H. Kelly."

The case was tried on the plea of the general issue, and resulted in verdict and judgment for the plaintiff.

The only evidence introduced was the receipt declared on, and the record of a chancery suit which Mrs. Kelly, in her life-time, instituted against appellant, as administrator of her deceased husband, to enforce the collection of the demand here sued on. This bill was dismissed without prejudice to

[Haynie, Adm'r, v. Miller, Adm'r.]

her right to sue at law. In the chancery cause, Mrs. Kelly and another witness were examined; but neither of them state definitely how or where Mrs. Kelly obtained the money, and she spoke of it as her "separate estate."

The court, at the request of the plaintiff, charged the jury, if they believed the evidence to find for the plaintiff, and refused a written request of defendant asserting the contrary. Exception was duly reserved to the charge given, and the refusal to charge as requested, and they are now assigned as error.

E. S. DARGAN, for appellant.

THOS. H. PRICE, contra.

MANNING, J.—No demurrer was interposed to the complaint before us, and under our statute it must be held sufficient. What it claims is a sum of money as due according to "a certain receipt," a copy of which is set forth.

For the defense, it is insisted under the general issue, that the writing was a contract between husband and wife, which is legally void; and that the action between the present parties could not be maintained in a court of law.

The writing may be regarded as, in effect, a certificate given by Mr. Kelly to his wife at the beginning of the late civil war, as evidence that he had received from her $750 to be added to a like amount of his own and converted into English sterling funds; that he had so converted it by obtaining a check on bankers in London for £321 8s. and 7d.—and that Mrs. Kelly was entitled to one-half of this and he to the other. We do not think this a contract which the law inhibits between the husband and wife.

Though evidence was introduced on the subject, taken in the chancery cause, it is not shown how or where Mrs. Kelly obtained her money. But the law permitted her to own it as of her separate estate either equitable or statutory; and her husband who might lawfully surrender it to her absolute control and use, acknowledged by the writing he gave to her, that she had money to her separate account and credit in the bank, $750 of which he received as hers.

Without evidence to support him, the defendant, as administrator of E. H. Kelly, is not entitled to deny that this money honestly belonged to Mrs. Kelly as her separate property. If it was of her statutory separate estate, the act expressly gives her a right of action in her own name, to recover

the *corpus* from any one, except her husband; and if it belonged to her equitable separate estate, then when she became *discovert* by the death of her husband, she could sue his executor or administrator at law.—*Jenkins v. McConnico*, 26 Ala. 246; *Andrews and Wife v. Huckabee's Administrator*, 30 Ala. 143.

No question was made as to the amount of interest defendant might retain as income that accrued in the husband's life-time, for which he was not accountable.

We think there was no error in the rulings of the Circuit Court.

Let the judgment be affirmed.